FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAY 31 2015 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

RENY RIVERO,

          Plaintiff,

    - against -

ACB RECEIVABLES MANAGEMENT, INC.,

          Defendant.

-----------------------------------------------------------------X

**REPORT & RECOMMENDATION**
**14 CV 2912 (ENV)(LB)**

**BLOOM, United States Magistrate Judge:**

    Plaintiff Reny Rivero brings this *pro se* action against ACB Receivables Management, Inc. ("ACB"), asserting violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p, the New York General Business Law, N.Y. Gen. Bus. Law § 601, and the New York City Consumer Protection Law and Regulations, N.Y.C. Admin. Code § 20-494; 6 R.C.N.Y. § 5-77. Defendant moves to dismiss Plaintiff's Second Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Honorable Eric N. Vitaliano referred Defendant's motion to dismiss to me for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). For the reasons set forth below, it is recommended that ACB's motion to dismiss should be granted in part and denied in part.

## BACKGROUND

    The following facts are taken from the allegations in Plaintiff's Second Amended Complaint, which, for the purposes of this motion, are taken to be true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Between January and March 2013, Plaintiff received medical treatment at the Staten Island Physician Practice ("SIPP"). (Second Am. Compl. ("SAC") ¶ 23, ECF No. 22.)

Plaintiff owed a balance of $14.50 each for two of those treatments. (Id. ¶ 23, Ex. B.) Plaintiff alleges that his medical insurance "settled any alleged debt" with the SIPP. (Id. ¶ 23.)

On May 8, 2013, ACB sent Plaintiff a notice seeking payment for the two debts and advising him that the debts would be assumed to be valid if he failed to dispute them within thirty days. (Id. ¶ 25, Ex. B.) On June 6, 2013, Plaintiff sent ACB a letter disputing the debts and requesting validation. (Id. ¶ 27, Ex. B.) On September 9, 2013, ACB sent Plaintiff a notice of a third debt, also in the amount of $14.50 for services rendered by SIPP. (Id. ¶¶ 28, 30, Ex. C.) Plaintiff sent ACB a letter requesting validation of the third debt on October 16, 2013. (Id. ¶ 29, Ex. C.)

On May 7, 2014, Plaintiff initiated this action against ACB pursuant to the FDCPA and state and city laws. (ECF No. 1.) In his Second Amended Complaint, Plaintiff alleges that ACB violated his rights under these laws by attempting to collect three nonexistent debts without the right to collect them on behalf of SIPP, without verifying the debts, and without adequately informing Plaintiff of his rights under the FDCPA. (SAC ¶¶ 37, 40, 71.) Defendant moves to dismiss Plaintiff's Second Amended Complaint for failure to state a claim upon which relief may be granted. (Mot., ECF No. 17.) Plaintiff opposes the motion. (Opp'n, ECF No. 19.)

## DISCUSSION

### I. Treatment of *Pro Se* Submissions

The Court holds Plaintiff's *pro se* pleading to "less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980). We must "construe [the] complaint broadly, and interpret [it] to raise the strongest arguments that it suggests." Weixel v. Bd. of Educ. of the City of N.Y., 287 F.3d 138, 145–46 (2d Cir. 2002); see also Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011) (liberally construing *pro se* pleading); Estes v. Toyota Fin.

Serv., No. 14-cv-1300, 2015 WL 222137, at *3 (E.D.N.Y. Jan. 13, 2015) (same).[1] However, the Court "cannot invent factual allegations that [a plaintiff] has not pled." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). With these standards in mind, the Court considers Defendant's motion to dismiss.

## II.     Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678; see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 12(b)(6) (permitting dismissal of a complaint that does not state a claim upon which relief can be granted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. In considering a motion brought under Rule 12(b)(6), the Court assumes the facts as alleged in the complaint to be true, but is limited to considering those facts, documents attached to that complaint as exhibits, documents either incorporated by reference or "integral" to the plaintiff's claims, and facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence. Chambers v. Time Warner, Inc., 282 F.3d 147, 152–53 (2d Cir. 2002); Dangler v. N.Y.C. Off Track Betting Corp., 193 F.3d 130, 138 (2d Cir. 1999); KatiRoll Co., Inc. v. Kati Junction, Inc., 33 F. Supp. 359, 365 (S.D.N.Y. 2014); In re Merrill Lynch & Co., 273 F. Supp. 2d 351, 356–57 (S.D.N.Y. 2003); see also Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.").

---

[1] The Clerk of Court is respectfully directed to send Plaintiff the attached copies of all the unpublished decisions cited herein.

### III. FDCPA

Plaintiff alleges that Defendant violated multiple provisions of the FDCPA, including those prohibiting harassment and false and deceptive practices to collect a debt, and those requiring the debt collector to notify the consumer of the protections afforded under the FDCPA.

Accepting the allegations of Plaintiff's Second Amended Complaint to be true, Plaintiff fails to state a claim under 15 U.S.C. § 1692d. That provision prohibits debt collectors from engaging in conduct "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Examples of such prohibited conduct include threatening violence against any person or person's property or reputation, using obscene or profane language, and causing a telephone to ring continuously and with the intent to annoy, abuse, or harass the person called. § 1692d. Plaintiff conclusorily characterizes ACB's conduct—sending him two collection notices—as the type of harassing conduct described under § 1692d. It is not. The sending of collection letters "does not remotely approach the type of abusive and harassing actions" prohibited by the FDCPA. Kapeluschnik v. LeSchack & Grodensky, P.C., No. 96-CV-2399, 1999 WL 33973360, at *10 (E.D.N.Y. Aug. 26, 1999); see also Rojas v. Forster & Garbus LLP, No. 13-CV-02825, 2014 WL 3810124, at *3 (E.D.N.Y. July 31, 2014) (dismissing § 1692d claim because plaintiff failed to plead specific facts that have the natural consequence of harassing or abusing a debtor). Therefore, Plaintiff's Second Amended Complaint fails to state a claim under § 1692d.

Similarly, Plaintiff merely repeats the standard under § 1692f, which prohibits engaging in "unfair and unconscionable means" in order to collect a debt. (SAC ¶ 68.) He alleges no facts identifying the "unfair and unconscionable" conduct by Defendant, nor is there any alleged

4

conduct that might fit within that category.² Accordingly, Defendant's motion to dismiss any claim under § 1692f should be granted. See Foti v. NCO Fin. Sys., Inc., 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006) ("Plaintiffs' Complaint is deficient [as to the § 1692f claims] in that it does not identify any misconduct beyond that which Plaintiffs assert violate other provisions of the FDCPA.").

Plaintiff also asserts Defendant failed to inform him of his right to verbally dispute the debts in violation of § 1692g. (SAC ¶¶ 65, 72.) That claim is baseless as a matter of law. Section 1692g(a)(3) requires that the debt collector provide in its initial communication with the consumer "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." Nowhere does the provision require the debt collector to explicitly state the ways in which the consumer could notify it of any dispute. ACB's communications track § 1692g's language, warning Plaintiff that "[u]nless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid." (SAC, Exs. B, C.) ACB therefore did not violate § 1692g and the Court should grant ACB's motion to dismiss Plaintiff's claim under that provision.

In passing, Plaintiff cites § 1692e(10) as a separate ground for finding that Defendant's attempt to collect nonexistent debts violated the FDCPA. (SAC ¶ 79.) Section 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." "The standard for determining a violation of § 1692e(1) is essentially the same as that for § 1692g," which requires that debt collectors list in their initial communications the amount of the debt, the creditor's name, and

---

² Section 1692f provides a non-exhaustive list of prohibited conduct, including threatening to take nonjudicial action to effect dispossession of property, soliciting postdated checks, and placing collect calls to consumers.

notice of the consumer's rights under the FDCPA. Foti, 424 F. Supp. at 666 (citing Russell v. Equifax A.R.S., 74 F.3d 30, 33 (2d Cir. 1996)); 15 U.S.C. § 1692g. ACB's notices provide the information required by § 1692g. Moreover, Plaintiff's dispute as to the validity of the debt more precisely describes a claim under § 1692e(2). Therefore, Plaintiff's claim under § 1692e(10) should be dismissed.

As a § 1692e(2) claim, however, Plaintiff's challenge to the validity of the debts sufficiently pleads a violation of the FDCPA. To establish a claim under subsection (2), Plaintiff must show that ACB "knowingly or intentionally misrepresented the amount of the debt in its collection letters." McStay v. I.C. Sys., Inc., 174 F. Supp. 2d 42, 48 (S.D.N.Y. 2001) (emphasis added). An allegation that a debt is invalid, standing alone, does not state a claim under the FDCPA. Bleich v. Revenue Maximation Grp., Inc., 233 F. Supp. 2d 496, 501 (E.D.N.Y. 2002). But Plaintiff does more than merely dispute the amount or validity of the debts. He alleges that Defendant "knowingly and intentionally" made false and deceptive representations as to the status of the three debts, which he asserts his insurance had already paid in full. (SAC ¶¶ 73, 75, 79, 83.) Liberally construing these allegations, Plaintiff sufficiently alleges that Defendant knew that the debts had been discharged and nevertheless attempted to collect them in violation of § 1692e(2). This pleading is sufficient to withstand Defendant's instant motion.

Plaintiff's Second Amended Complaint also states a claim under § 1692e(5). He alleges that SIPP never contracted ACB to collect the alleged debts on its behalf and that ACB's letters unlawfully threatened to collect debts, *i.e.* an action "that cannot legally be taken or that is not intended to be taken" in violation of § 1692e(5). (SAC ¶¶ 32, 46, 47, 59, 63, 77, 78.) The collection letters do not expressly threaten any action, but do implicitly threaten continued debt collection efforts by stating that unless Plaintiff disputed the debts, ACB would assume their

validity. See (SAC, Exs. B, C.) If in fact SIPP did not authorize ACB to collect these debts from Plaintiff, the collection letters may violate § 1692e(5) by falsely representing that ACB had legal authority to collect a debt from Plaintiff on SIPP's behalf. Accordingly, Plaintiff sufficiently pleads a claim under § 1692e(5). The Court should therefore grant ACB's motion to dismiss Plaintiff's FDCPA claims in part and deny it in part. The motion should be denied as to Plaintiff's claims under § 1692e(2) and (5).

### IV.     New York General Business Law

Plaintiff raises a claim under section 601 of New York's General Business Law Article 29-H, which enumerates prohibited debt collection practices. (SAC, ¶¶ 77, 79.) However, that law does not provide a private right of action. See N.Y. Gen. Bus. § 602(2) (authorizing only the attorney general or the district attorney of any New York county to bring an action in the name of the people of the state to restrain or prevent a violation of Article 29-H); Conboy v. AT&T Corp., 241 F.3d 242, 258 (2d Cir. 2001) (dismissing claim based on § 601 because the New York Court of Appeals has stated that it does not supply a private right of action); Fernandez v. Peter J. Craig & Assocs., P.C., 985 F. Supp. 2d 363, 371 (E.D.N.Y. 2013) ("[T]he law is clear that there is no private right of action created by [§ 601]."). ACB's motion to dismiss Plaintiff's claims under the New York General Business Law should therefore be granted.

### V.     New York City Law

The last of Plaintiff's alleged statutory claims arise under New York City's Consumer Protection Laws and Regulations. (SAC ¶¶ 111–23.) Those provisions define and prohibit unconscionable and deceptive trade practices and set forth the rules governing the licensing of debt collection agencies. N.Y.C. Admin. Code §§ 20-488–94; 6 R.C.N.Y. § 5-77 (defining "unconscionable and deceptive trade practices"). Plaintiff incorrectly assumes that he is entitled

to recover these civil penalties provided by these provisions through a private civil action. However, again, there is no private right of action under the New York City Consumer Protection Law or Regulations. Kuklachev v. Gelfman, 600 F. Supp. 2d 437, 476 (E.D.N.Y. 2009) (stating that there is no private right of action under Consumer Protection Law, N.Y.C. Admin. Code § 20-700) (citing Collier v. Home Plus Assoc., Ltd., 856 N.Y.S. 2d 497 (Sup. Ct. 2007)). Only the Commissioner for the Department of Consumer Affairs can bring suit and impose the penalties under the cited provisions. See N.Y.C. Admin. Code § 20-104 ("The commissioner or the commissioner's designee shall collect all fees for all such licenses and permits and shall otherwise enforce the [licensing] provisions of chapter two."). Therefore, Defendant's motion to dismiss should be granted as Plaintiff fails to state a claim under the New York City Administrative Code or Rules.

## VI.    Claim for Accounting

Plaintiff also seeks an accounting of the alleged debts and evidence of the consideration ACB paid in return for an assignment of the debts from SIPP to ACB. There is no separate cause of action for accounting; accounting is a remedy. Trafalgar Power, Inc. v. U.S. Bank Nat. Ass'n, No. 05-CV-1533, 2012 WL 555044, at *11 (N.D.N.Y. Feb. 21, 2012). Plaintiff provides no statutory basis for this type of remedy. Further, he has no equitable basis for seeking accounting because Plaintiff expressly refutes the fiduciary relationship that must exist between the parties to sustain such an equitable action for an accounting. See (SAC ¶¶ 16–17); Soley v. Wasserman, No. 08 Civ. 9262, 2013 WL 5780814, at *1 (S.D.N.Y. Oct. 24, 2013) (providing that parties with a fiduciary relationship are entitled to seek equitable accounting); Melapioni v. Melapioni, 18 N.Y.S. 3d 859, 859 (N.Y. App. Div. 1st Dep't 2015) ("'The basis for an equitable action for accounting is the existence of a fiduciary or trust relationship respecting the subject matter of the

controversy.'"). Nevertheless, if this Report and Recommendation is adopted, Plaintiff will have the opportunity to conduct discovery regarding the three alleged debts as well as SIPP and ACB's contractual relationship.

## CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendant's motion to dismiss Plaintiff's Second Amended Complaint should be denied in part as to Plaintiff's claims under 15 U.S.C. § 1692e(2) and (5), and granted as to Plaintiff's remaining claims.

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

SO ORDERED.

/S/ Judge Lois Bloom

Dated: May 31, 2016
Brooklyn, New York

LOIS BLOOM
United States Magistrate Judge

9